AO 91 (Rev. 5/85) Criminal Complaint

UNITED STATES DISTRICT COURT FILED JAN 20 2009 RODNEY C. EARLY, CLERK WESTERN DISTRICT OF NY

# United States District Court

WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

ALMA PERRY

**CRIMINAL COMPLAINT**

CASE NUMBER: 09 mj 509

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

From on or about June 16, 2007, continuing through August 16, 2007, in the Western District of New York, the defendant did knowingly execute and attempt to execute a scheme to defraud by means of false pretenses, by causing numerous documents to be sent via wire communications in furtherance of the scheme, in violation of Title 18, United States Code, Section 1343.

I further state that I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives, and that this complaint is based on the following facts:

**SEE ATTACHED AFFIDAVIT**

Continued on the attached sheet and made a part hereof: (✔) Yes ( ) No

M. DIXON ROBIN, Special Agent
U.S. Dept. of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives
Signature of Complainant

Sworn to before me and subscribed in my presence,

January 20, 2009 at Rochester, New York
Date City and State

HON. JONATHAN W. FELDMAN, USMJ
Name & Title of Judicial Officer

Signature of Judicial Officer

**AFFIDAVIT**

**IN SUPPORT OF A CRIMINAL COMPLAINT**

State of New York )
County of Monroe ) SS:
City of Rochester )

I, M. Dixon Robin, being duly sworn, deposes and says that:

1. Your affiant, Special Agent M. Dixon Robin, is a Criminal Investigator with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and has been so employed for the past ten years. The affiant is also an ATF Certified Fire Investigator. The affiant also has prior experience as a Criminal Investigator with both the National Aeronautics and Space Administration Office of Inspector General and the National Science Foundation Office of Inspector General. Additionally, the affiant holds a Bachelor of Arts degree in History and a Masters of Arts degree in Forensics (with an emphasis in Crime in Commerce). The affiant has received over 1,000 hours of law enforcement training from the Federal Law Enforcement Training Center, the ATF National Academy, and various other law enforcement sources. That training included instruction in the origin and cause

determination in fires and violations of federal law concerning arson, wire fraud, mail fraud, insurance fraud, and other related topics. Your affiant has been involved in over 200 fire investigations and has participated in numerous federal and state investigations involving fraud and arson. The affiant is the ATF case agent in charge of the investigation of the case of United States of America vs. Alma PERRY for wire fraud, in violation of Title 18, United States Code, Section 1343.

2. In addition, your affiant is an ATF Certified Fire Investigator (CFI). In this position, your affiant is primarily responsible for conducting origin and cause investigations of fire and explosion incidents affecting interstate commerce and other fires in which assistance from state and local agencies has been requested. In order to obtain this certification, your affiant successfully completed several courses of fire investigation training at the ATF National Academy and the United States Environmental Protection Agency, and successfully completed fire investigation training sponsored by the University of Maryland/University College. In furtherance of obtaining this certification, your affiant completed various assignments as assigned by the ATF Arson and Explosives Training Branch and completed a research paper concerning an aspect of fire investigation. Your affiant has conducted or participated in

over 200 fire and explosion origin and cause determinations. Your affiant has coordinated and/or instructed in six training sessions pertaining to the investigation of fire and explosion incidents to various Federal, state and local entities. Lastly, your affiant is a member of ATF's National Response Team (NRT). As a member of the NRT, your affiant responds to fire and explosion incidents around the United States, along with a select cadre of other ATF Certified Fire Investigators and other experts in order to assist with large scale origin and cause determinations.

3. On or about October 9, 2007, your affiant met with New York State Insurance Frauds Bureau (NYSIFB) Investigator Gary Sullivan at Investigator Sullivan's office, Rochester, New York, and received information concerning Alma PERRY's attempt to fraudulently obtain insurance proceeds from an accidental fire at her house, 54 Clairmount Street, Rochester, New York. The attempt utilized an altered Rochester Fire Department document and other documents, sent via facsimile, in violation of Title 18, United States Code, Section 1343 (Wire Fraud).

4. At approximately 11:33 p.m. on June 15, 2007, the Rochester Fire Department (RFD) received a report of a fire at 54 Clairmount Street, Rochester, New York. The house, occupied and

owned by Alma PERRY, was severely damaged by the fire. At the time of the fire, Alma PERRY did not possess property insurance.

5. During this meeting, your affiant reviewed a copy of a fire origin and cause report prepared by the RFD Fire Investigation Unit. According to the report, Rochester Fire RFD Fire Investigations Unit Investigators responded to the fire scene that night and, after investigating the scene, determined that the fire cause was accidental. The investigators determined that the fire was caused by a failure in an electrical wire bundle in the attic.

6. Further investigation revealed that following the fire, on June 16, 2007, Alma PERRY applied for and received an insurance policy for her house and its contents. Several days later, on June 20, 2007, she filed an insurance claim for fire damage to the house, claiming the fire occurred on June 16, 2007 (after she had obtained her insurance policy). Alma PERRY, in furtherance of this scheme, caused numerous documents to be sent via facsimile (by means of a wire) to insurance officials involved with her claim. These documents included an altered RFD report in which the date of the fire had been changed from June 15, 2007, to June 16, 2007. Details of the scheme are described below.

7. Investigator Sullivan was later alerted to Alma PERRY's attempt to defraud her insurance company when he was contacted by the American Bankers Insurance Company (Assurant) on or about August 10, 2007, regarding their discovery of a fraudulent RFD document.

8. Investigator Sullivan explained to your affiant that he interviewed Sharlene Carr, a Customer Service Representative with the Mazzola Insurance Agency, 1619 Ridge Road East, Rochester, New York. Carr stated in a deposition provided to Investigator Sullivan that on June 16, 2007, at approximately 10:00 a.m. (following the fire at 54 Clairmount Street, Rochester, New York), Alma PERRY visited the Mazzola Insurance Agency and applied for an insurance policy for the property. Carr stated that Alma PERRY wanted $65,000 in coverage for the dwelling and that the contents of the dwelling were to also be covered by the policy. Carr stated that after completing an application for a policy offered by American Bankers Insurance Company (also known as Assurant), Alma PERRY provided her with a $150 down payment and a $50 broker fee. Alma PERRY was provided with property insurance coverage by American Bankers Insurance Company (also known as Assurant) located at 11222 Quail Roost Drive, Miami, Florida.

9. Investigator Sullivan explained that he interviewed Nanci O'Hara, a Claims Examiner with the American Bankers Insurance Company (Assurant), 11222 Quail Roost Drive, Miami, Florida. O'Hara stated in a deposition provided to Investigator Sullivan that on June 20, 2007, Alma PERRY reported to the American Bankers Insurance Company (Assurant) that a fire occurred at 54 Clairmount Street, Rochester, New York, on June 16, 2007, and made a claim against her insurance policy for fire damage to her property. O'Hara stated that the American Bankers Insurance Company (Assurant) contacted Advantage Claim Service, RR 5, Box 79, Dallas, Pennsylvania, to assign a property adjuster to inspect and adjust the fire loss. O'Hara stated that Advantage Property Adjuster Paul Phillips was assigned to the loss.

10. O'Hara stated that on the same date, she spoke with Al Favro, a public adjuster with the National Fire Adjustment Service (NFA), who was representing Alma PERRY in regards to the fire loss. On June 20, 2007, Favro sent, via facsimile, Property Adjuster Paul Phillips a copy of the NFA letter documenting NFA representation of Alma PERRY on the fire loss. The letter is dated June 20, 2007, and states that it was sent via facsimile to number "570-822-6661".

11. O'Hara stated that on June 26, 2007, the American Bankers Insurance Company (Assurant) received copies of documents from Emergency Enclosures, 1464 Lake Avenue, Rochester, New York, concerning an invoice for their work in securing the fire-damaged property at 54 Clairmount Street, Rochester, New York. O'Hara stated that the documentation noted that the work was performed on June 15, 2007 and that a four page contract was signed by Mr. F and Alma PERRY on June 15, 2007. O'Hara stated that the information was sent via facsimile to the offices of the American Bankers Insurance Company (Assurant) in Florida.

12. O'Hara stated that on June 29, 2007, she reviewed information from Property Adjuster Paul Phillips regarding the fire damage at 54 Clairmount Street, Rochester, New York. O'Hara stated that based on Phillips' review, she authorized the issuance of $3,000 advance to Alma PERRY. O'Hara stated that, however, on August 15, 2007, the American Bankers Insurance Company (Assurant) denied the claim in its entirety based on fraud (following their discovery of the altered RFD document reflecting the altered date for the fire).

13. Investigator Sullivan explained that he interviewed Paul Phillips, Property Adjuster with Advantage Claim Service, RR 5, Box 79, Dallas, Pennsylvania. Phillips, in a deposition

provided to Investigator Sullivan, confirmed that he was assigned by the American Bankers Insurance Company (Assurant) to adjust a fire loss at 54 Clairmount Street, Rochester, New York. Phillips stated that upon receipt of this assignment on June 20, 2007, he was advised that Al Favro of the National Fire Adjustment Service (NFA) was representing Alma PERRY in the loss. Phillips stated that on June 20, 2007, he contacted Al Favro and requested that he provide copies of the signed public adjuster agreement between NFA and Alma PERRY. Phillips stated that he received this documentation from Favro, via facsimile, on the same date.

14. Phillips stated that on June 22, 2007, he traveled to 54 Clairmount Street where he met Alma PERRY and Al Favro. Phillips stated that he then examined the loss location.

15. Phillips stated that on July 19, 2007, he received from Al Favro, via U.S. Mail, a copy of a Rochester Fire Department report concerning the fire at 54 Clairmount Street. Phillips stated that the report listed an incident date of June 16, 2007, and an alarm time of 11:33 p.m.

16. Phillips stated that on July 19, 2007, he received from Al Favro, via facsimile, copies of the following documents: Building Sworn Statement in Proof of Loss (as signed by Alma

PERRY) in the amount of $65,895.08; Licensed Public Adjusters Agreement signed by Alma PERRY and Al Favro dated June 16, 2007, at 1:25 p.m.; and Direction to Pay as signed by Alma PERRY and dated July 19, 2007.

17. Phillips stated that on July 21, 2007, he completed his estimate of the fire damage (in the amount of $86,097.90) and forwarded the estimate to the American Bankers Insurance Company (Assurant). Phillips stated that on July 27, 2007, he received from Al Favro, via U.S. Mail, an estimate report concerning the loss of contents at 54 Clairmount Street, Rochester, New York.

18. Phillips stated that on August 14, 2007, at the direction of Roberto Navarro of the American Bankers Insurance Company (Assurant), he closed his file.

19. Investigator Sullivan explained that he interviewed Alden Favro III, a Public Adjuster with the National Fire Adjustment Service (NFA), 371 White Spruce Boulevard, Rochester, New York, who provided a written statement. Favro stated that he was retained by Alma PERRY to represent her to adjust her fire loss at 54 Clairmount Street, Rochester, New York. Favro explained that he met Alma and Fred PERRY at 54 Clairmount Street on June 16, 2007, at approximately 1:00 p.m., where Alma PERRY

agreed to retain him and NFA. Favro stated that he then prepared a standard NFA contract form and read it to both Alma and Fred PERRY. Favro stated that the contract language read: "I (we) hereby retain National Fire Adjustment Co., Inc (NFA) to assist in the adjustment of my (our) loss at 54 Clairmount Street, Rochester, New York 14621 of 6/15/07, and agree to pay NFA for such service a fee of 6% of the loss when adjusted or otherwise recovered." Favro stated that when he read the date of the loss as being June 15, 2007, Alma PERRY corrected him and stated that the date of loss was June 16, 2007. Favro stated that the contract he entered into with Alma PERRY was dated June 16, 2007, at approximately 1:25 p.m.

20. Favro stated that on June 20, 2007, he requested an advance for Alma PERRY from the American Bankers Insurance Company (Assurant). Favro stated that on July 9, 2007, he received an the American Bankers Insurance Company (Assurant) draft (draft # 610117283) in the amount of $3,000 as an advance to Alma PERRY against her contents claim. Favro stated that Alma PERRY visited his office and picked up her check.

21. Favro stated that, additionally, on July 19, 2007, he sent to Paul Phillips, via U.S. Mail and facsimile, a completed

and signed Building Proof of Loss in the amount of $65,895.08 regarding the fire at 54 Clairmount Street, Rochester, New York.

22. Favro stated that on August 14, 2007, Alma PERRY was in his office completing paperwork. Favro stated that while Alma PERRY was at his office, he contacted Roberto Navarro of the American Bankers Insurance Company (Assurant) by telephone and requested what further information they needed before a building check could be issued. According to Favro, Navarro requested the date and time of the fire loss as it appeared on the Building Proof of Loss. Favro described how he requested this information from Alma PERRY and that Alma PERRY had replied 11:30 p.m. on June 16, 2007.

23. Investigator Sullivan explained that he interviewed Roberto Navarro, Special Investigator with the American Bankers Insurance Company (Assurant), 11222 Quail Roost Drive, Miami, Florida. Navarro stated that he became involved in the investigation of Alma PERRY on August 8, 2007, when a review of the American Bankers Insurance Company (Assurant) file revealed the possibility of an intentionally altered Rochester Fire Department report used to support a claim.

24. Navarro stated that on August 10, 2007, he interviewed Alma PERRY. Navarro stated that Alma PERRY agreed to let the interview be recorded. According to Navarro, during the interview, Alma PERRY admitted that she obtained a copy of the Rochester Fire Department report relative to the fire at 54 Clairmount Street, Rochester, New York, from Rochester City Hall. Alma PERRY stated that she then sent a copy of the report, via facsimile, to both the American Bankers Insurance Company (Assurant) and Alden Favro of NFA. Navarro stated that Alma PERRY claimed to have sent the facsimile from her work facsimile (585-271-3781).

25. Navarro stated that he conducted another interview with Alma PERRY on August 16, 2007, during which she agreed to allow it to be recorded. During this interview, Alma PERRY gave several contradictory answers concerning the time and date of the fire and when she obtained an insurance policy from Mazzola Insurance. According to Navarro, Alma PERRY stated that when she went to the Mazzola Insurance company, she had not had a fire in her house yet. Navarro stated that Alma PERRY denied submitting an altered Rochester Fire Department report and that her report listed an incident date of June 15, 2007. Alma PERRY claimed that she provided a fire report with an incident date of June 15, 2007, to Al Favro. Alma PERRY stated that she did not send via

facsimile any report to the American Bankers Insurance Company (Assurant). When confronted by Navarro about the first interview in which she made the claim that she had sent the report via facsimile, Alma PERRY replied that she had not.

26. On October 17, 2007, your affiant and Investigator Gary Sullivan interviewed Alma PERRY at the parking lot adjacent to Thompson Hospital, 350 Parrish Street, Canandaigua, New York. The investigators identified themselves and explained why they wished to speak with her. Alma PERRY denied attempting to defraud Assurant for insurance proceeds. She stated that she was the only person who had access to the copies of the Rochester Fire Department documents she sent, via facsimile, to the insurance company in reference to the June 15, 2007, fire at 54 Clairmount Street, Rochester. Alma PERRY further clarified that she had left copies of these documents in her vehicle overnight. Alma PERRY denied altering or fabricating any documents, and further denied providing false information to the insurance company when she applied for her property insurance policy.

27. On October 16, 2007, your affiant visited the Rochester Fire Department Fire Investigations Unit (RFD FIU), and obtained various Rochester Police Department forms used by RFD FIU to record their activities at the fire scene investigation at 54

Clairmount Street. As stated above, RFD FIU investigators determined that the fire on June 15, 2007, had an accidental cause. Alma PERRY and her family were at home at the time of the fire and investigators examined electrical wiring as the ignition source for the fire.

28. During this investigation, your affiant has had the opportunity to review of documents utilized by Alma PERRY to further her scheme. Specifically, your affiant has reviewed:

a. Copy of the RFD NFIRS report for Incident Number 2007-014379 showing the date and time of the fire reported to be June 15, 2007, at 11:33 p.m.;

b. Copy of the RFD NFIRS report for Incident Number 2007-014379, as submitted by Alma PERRY, showing the date and time of the fire reported to be June 16, 2007, at 11:33 p.m.;

c. Copy of two Emergency Enclosure documents showing a date of June 15, 2007, for the fire loss;

d. Copy of the NFA Proof of Loss; and

e. Copy of NFA public adjuster agreement showing a date of the fire loss on June 16, 2007, signed by Alma PERRY on June 16, 2007, at 1:25 p.m., as attached to an NFA letter sent from Alden Favro to Paul Phillips at facsimile number 570-822-6661.

JWF

MW

29. On January 9, 2009, your affiant met with Lieutenant Allyn Borrino of the RFD Fire Investigation Unit. Lieutenant Borrino stated that according to his records, the fire at 54 Clairmount Street, Rochester, New York, was reported on June 15, 2007. Lieutenant Borrino stated that the RFD NFIRS document transmitted via facsimile by Alma PERRY appeared to be altered. Your affiant also noted that the date listed in the RFD document submitted by Alma PERRY ("06/16/2007") was of a different font than that on the rest of the form.

30. Based on the above information, I submit there is probable cause to believe that on or about June 16, 2007, continuing through August 16, 2007, in the City of Rochester, County of Monroe, New York, Western Judicial District of New York, Alma PERRY devised a scheme to defraud by means of false pretenses and caused numerous documents to be sent via facsimile (a wire communication) in furtherance of the scheme, and was in violation of Title 18, United States Code, Section 1343 (Wire Fraud ).

31. Wherefore, it is respectfully submitted that probable cause exists to believe that Alma PERRY did commit the offense, under Title 18, United States Code, Section 1343, in that she

knowingly executed and attempted to execute a scheme to defraud by false pretenses, by causing numerous documents to be sent via wire communications in furtherance of the scheme.

M. Dixon Robin
Special Agent
Bureau of Alcohol, Tobacco,
Firearms, and Explosives

Sworn to and subscribed to
before me this 20 day of
January, 2009 at Rochester, NY.

HONORABLE Jonathan W. Feldman
United States Magistrate Judge